**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TAUHEEDAH WALKER,

                                        Plaintiff,

          v.

                                                              No. 1:24-CV-01171
BETTY A. ROSA,                                                (AJB/PJE)

                              Defendant.

**APPEARANCES:**

Tauheedah Walker
428 E. 137th Street, Apt. 1D
Bronx, New York 10454
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

#### I. **In Forma Pauperis**

          Plaintiff pro se Tauheedah Walker ("plaintiff") commenced this action on September

25, 2024, by filing a complaint.  *See* Dkt. No. 1.  In lieu of paying this Court's filing fee,

plaintiff submitted an application for leave to proceed in forma pauperis ("IFP").  *See* Dkt.

No. 2.  The undersigned has reviewed plaintiff's IFP application and determines that

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C.
§ 636(b) and N.D.N.Y. L.R. 72.3(c).

plaintiff financially qualifies to proceed IFP.[2]  Pursuant to this review, this Court must now assess the merits of plaintiff's complaint pursuant to 28 U.S.C. § 1915.[3]

## II.  Initial Review

### A.  Legal Standard

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).  As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest.  At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party

---

[2] Plaintiff is advised that although they have been granted IFP status, they are still required to pay any fees and costs they may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

[3] These requirements apply equally to non-prisoner pro se litigants.  *See* N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A when an application to proceed in forma pauperis is filed.").

> from compliance with relevant rules of procedural and substantive law. . . .

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted*); see also Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally.") (internal quotation marks and citations omitted).  Thus, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure."[4] *Kastner v. Tri State Eye*, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).[5]  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED.

---

[4] Hereinafter, "Fed. R. Civ. P."
[5] All unpublished decisions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction . . . and . . . a demand for the relief sought . . . ." FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." FED. R. CIV. P. 8(d).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Flores*, 189 F.R.D. at 55 (internal quotation marks and citations omitted).

"In reviewing a complaint ... the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A court

should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" does not suffice." *Id.* (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citations omitted).

### III. **Discussion**

#### A. **Plaintiff's Complaint**

On a civil complaint form, plaintiff checks the box indicating that this Court has subject matter jurisdiction pursuant to federal question jurisdiction. *See* Dkt. No. 1 at 3. Plaintiff claims that their Fourteenth Amendment Due Process and Equal Protection rights have been violated because "the New York State Commissioner of Education has withheld [my] [nurse practitioner] license since 2023 without any explanation." *Id*. at 7. Plaintiff asserts that they were "cleared to practice as a Registered Nurse by the NYS OOP[6] in 2018[,]" "graduat[ed] with a Masters in nurse practitioner (2022) Doctorate in nursing (2023) both from Purdue University with honors[,]" "fulfilled all the requirements to obtain [my] Nurse Practitioner (NP) license[,]" and "[d]espite meeting all criteria[,]" they have not received their New York State nurse practitioner license. *Id.* Plaintiff alleges that in June 2023, they were forced to decline a job paying $140,000 per year and enroll in a foreign medical school at a cost of $114,000 because they did not have a license to practice as a nurse practitioner in New York State. *See id*. Plaintiff further claims that they were or are homeless. *See id.* Plaintiff seeks immediate issuance of their nurse practitioner license, compensation for lost earnings resulting from declining a higher-paying job in June 2023, "compensation for the $114,000 medical school tuition and related expenses incurred due to my inability to practice[,]" and unspecified damages stemming from their homelessness and unemployment. *Id*.

## B. **Analysis**

Liberally construing plaintiff's complaint, plaintiff brings a claim under 42 U.S.C. § 1983[7] against Betty A. Rosa, Commissioner of the New York State Education Department

---

[6] New York State Education Department, Office of Professions ("NYS OOP").

[7] Plaintiff's complaint also cites, without explanation, to the Supremacy Clause of the United States Constitution; however, it is unclear how it supports a claim for relief. *See* Dkt. No. 1 at 6; U.S. CONST. art. VI, cl. 2; U.S. CONST. amend. XIV, §1.

("Rosa"), for her failure to issue a decision on plaintiff's 2023 New York State nurse practitioner license application, in violation of their Fourteenth Amendment Due Process and Equal Protection rights. *See generally* Dkt. No. 1; *see also Triestman*, 470 F.3d at 475. ("This policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### 1. **Fed. R. Civ. P. 8**

As a threshold matter, plaintiff's complaint fails to satisfy the pleading requirements of Rule 8. *See* FED. R. CIV. P. 8(a). Plaintiff's complaint does not provide "a short and plain statement of the claim showing" why they are entitled to relief. *Id*. Plaintiff's complaint alleges that they satisfied all of the requirements for a New York State nurse practitioner license and applied for a license, but never received a response to their application. *See* Dkt. No. 1 at 7. Yet, plaintiff fails to provide any details or information explaining (1) when they filed their license application[8]; (2) the efforts they made, if any, to inquire about the status of their license application or attempt to obtain a decision or other remedy from the New York State Education Department; (3) any Article 78 proceeding they may have commenced; or (4) how the withholding of their nurse practitioner license "forc[ed] [them] to enroll in medical school abroad." Dkt. No. 1 at 7. Without this information, plaintiff's complaint does not provide "fair notice of the claim[s] being asserted"

---

[8] Plaintiff did not submit a copy of their nurse practitioner license application. Although plaintiff does not provide when they applied for a license, the undersigned construes plaintiff's complaint to mean that they applied at some point in 2023. *See* Dkt. No. 1 at 7 ("Despite meeting all criteria, the New York State Commissioner of Education has withheld my NP license since 2023 . . . .")

against Rosa or an adequate opportunity for Rosa to file an answer and "prepare an adequate defense." *Flores*, 189 F.R.D. at 55; *Sheehy*, 335 *F. App'x* at 104; FED. R. CIV. P. 8(a)(2).    Therefore, the undersigned recommends that plaintiff's complaint, except plaintiff's claim against Rosa in her official capacity for monetary damages, be dismissed without prejudice[9] and with leave to amend for failure to satisfy Rule 8's requirements. *See Salahuddin*, 861 F.2d at 42; FED. R. CIV. P. 8(a)(2).

## 2.  **Sovereign Immunity**

Although the complaint lists Rosa as "NYS DOE Commissioner," plaintiff does not specify whether they seek to sue Rosa in her official capacity, individual capacity, or both. *See generally* Dkt. No. 1.    Plaintiff's allegations concern Rosa's conduct as the Commissioner of Education. *See* Dkt. No. 1 at 7.  However, "[a]t this early stage, the undersigned will consider whether either a personal or official capacity claim can survive initial review."  *Scott v. Crossway*, No. 1:22-CV-500 (BKS/CFH), 2022 WL 16646531, at *6 (N.D.N.Y. Nov. 3, 2022), *report and recommendation adopted,* No. 1:22-CV-500 (BKS/CFH), 2023 WL 34543 (N.D.N.Y. Jan. 4, 2023) (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993) (citations and quotation marks omitted) ("[I]n many cases, a complaint against public officials will not clearly specify whether officials are sued personally, in their official capacity, or both, and only [t]he course of proceedings . . . will indicate the nature of the liability to be imposed[.]")

### a.  **Official Capacity**

---

[9] As will be discussed below, plaintiff's claim against Rosa in her official capacity seeking monetary damages cannot be cured by a better pleading.  The undersigned recommends that this claim be dismissed without prejudice and without leave to amend.

The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  Applying this principle, "[a]s a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress."  *Gerken v. Gordon*, No. 1:24-CV-00435 (MAD/CFH), 2024 WL 4608307, at *6 (N.D.N.Y. Oct. 29, 2024), *report and recommendation adopted,* No. 1:24-CV-435 (MAD/CFH), 2024 WL 5001402 (N.D.N.Y. Dec. 6, 2024) (quoting *Kisembo v. N.Y.S. Off. of Child. & Fam. Servs.*, 285 F. Supp. 3d 509, 519 (N.D.N.Y. 2018)); *see Garcia v. Paylock*, No. 13-CV-2868 (KAM), 2014 WL 298593, at *3 (E.D.N.Y. Jan. 28, 2014) ("Plaintiff's equal protection claims also may not be brought directly under the Fourteenth Amendment because the State has not waived its immunity or had that immunity abrogated pursuant to that constitutional amendment.").

"[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gerken*, 2024 WL 4608307, at *7 (quoting *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted) (quoting *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006)).  "Sovereign immunity bars not only suits against states themselves, but also suits for damages against state officials acting in their official capacities." *Chapman v. City of Albany*, No. 1:23-CV-686 (LEK/PJE), 2025 WL 295011, at *5 (N.D.N.Y. Jan. 24, 2025) (citing *Kentucky*, 473 U.S. at 169); *see also Gollomp*, 568 F.3d at 365.

"New York has not expressly waived its sovereign immunity with respect to the claims asserted in plaintiff's complaint." *Gerken*, 2024 WL 4608307, at *7 (citing *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ("[W]e will find waiver only where stated by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.") (internal quotations omitted) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)); *see also Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (summary order) ("It is well-established that New York has not consented to § 1983 lawsuits in federal court[.]").  Rosa is the New York State Commissioner of Education.[10]  By naming Rosa as "NYS DOE Commissioner," it is reasonable to conclude that plaintiff is seeking to sue her in her official capacity.  Dkt. No. 1 at 2.  Therefore, plaintiff's claims for monetary damages against Rosa in her "official capacity are barred by the Eleventh Amendment."  *Young v. Lugo*, No. 18-CV-4216(JFB)(AKT), 2019 WL 1492679, at *3 (E.D.N.Y. Apr. 4, 2019) (citing *Darcy v. Lippman*, 356 F. App'x 434, 436-37 (2d Cir. 2009) (summary order) ("The Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities").

"The undersigned notes that a dismissal based on the doctrine of sovereign immunity, is consequently a dismissal for lack of subject matter jurisdiction." *Gerken*, 2024 WL 4608307, at *7 (quoting *Griffith v. New York State*, No. 5:23-CV-1266 (DNH/ML), 2024 WL 1641587, at *5 n.4 (N.D.N.Y. Mar. 20, 2024) (citations omitted).  Accordingly, it is recommended that plaintiff's claims for monetary damages against Rosa in her official

---

[10] NEW YORK STATE EDUCATION DEPARTMENT, "Dr. Betty A. Rosa, Commissioner of Education & President of the University of the State of New York", https://www.nysed.gov/commissioner-bio (last visited Apr. 18, 2025).

capacity be dismissed without prejudice for lack of subject matter jurisdiction.  *See id.* (citing *Abadi v. City of New York*, 22-CV-1560, 2023 WL 3295949, at *3 n.3 (2d Cir. May 8, 2023) (summary order) ("Because the Court lacks subject matter jurisdiction . . . the amended complaint should be dismissed without prejudice.");  *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 116 (2d Cir. 2017) ("[A] complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction[.]")).

However, the Eleventh Amendment does not bar plaintiff from seeking prospective injunctive relief against Rosa in her official capacity.  *See King v. McIntyer*, No. 9:11-CV-1457, 2014 WL 689028, at *6 (N.D.N.Y. Feb. 20, 2014) ("The Eleventh Amendment does not, however, bar Plaintiff's claims for injunctive relief against Defendants in their official capacities.").  "In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution." *Kurtz v. New York*, No. 9:24-CV-0073 (AMN/DJS), 2024 WL 3488408, at *3, n.4 (N.D.N.Y. July 19, 2024).

> Under the doctrine established in *Ex parte Young* . . . [a] plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) alleges an ongoing violation of federal law; and (b) seeks relief properly characterized as prospective.

*King*, 2014 WL 689028, at *6 (quoting *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir.2007)) (internal quotation marks and punctuation omitted).  "As to the first prong, in determining whether an ongoing violation exists, the court asks, does the enforcement of the law amount to a continuous violation of plaintiffs['] constitutional rights or a single act that continues to have negative consequences for plaintiffs." *Id*. (quoting *Roberts v. New*

11

*York,* 911 F.Supp.2d 149, 161 (N.D.N.Y. 2012)) (internal quotations omitted). In determining whether a constitutional violation is continuous in the context of *Ex parte Young*, the Supreme Court has explained that

> *Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past, as well as on cases in which the relief against the state official directly ends the violation of federal law as opposed to cases in which that relief is intended indirectly to encourage compliance with federal law through deterrence or directly to meet third-party interests such as compensation

*Papasan v. Allain*, 478 U.S. 265, 277-78 (1986).

"As to the second prong, where the relief requested by a plaintiff is an injunction against state officials, this satisfies the requirement that the relief sought be prospective in nature." *King*, 2014 WL 689028, at *6 (citing *In re Deposit Agency,* 482 F.3d at 618-19 (finding that "it is undisputed that the injunctive relief sought . . . is prospective in nature.")). In determining whether relief is prospective in nature, the Supreme Court and the Second Circuit have that Courts must "look to the substance rather than to the form of the relief sought." *Vega v. Semple*, 963 F.3d 259, 282 (2d Cir. 2020) (citing *Edelman v. Jordan*, 415 U.S. 651, 668 (1974). As such, "relief that is 'tantamount to an award of damages for a past violation of federal law, even though styled as something else,' is barred." *Id*. (quoting *Papasan*, 478 U.S. at 278). Conversely, "relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury." *Id*. (quoting *Papasan*, 478 U.S. at 278). "The exception to Eleventh Amendment immunity does not permit judgments against state officers declaring that they violated federal law in the past." *Id*. (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 146 (1993)).

Plaintiff alleges that Rosa violated their Fourteenth Amendment rights to due process and equal protection of the laws by failing to issue a decision on their nurse practitioner license application. *See* Dkt. No. 1 at 6-7. Plaintiff's complaint alleges an ongoing violation of federal law because they have still not received a decision on their nurse practitioner license application. *See id.* Plaintiff's complaint pleads an ongoing violation of their constitutional rights so long as a decision on their nurse practitioner license remains pending. *See Papasan*, 478 U.S. at 277-78. Should the Court issue an order directing the New York State Education Department to issue a decision on plaintiff's license application, that order would "directly . . . bring an end to a present violation of federal law." *Vega*, 963 F.3d at 282 (quoting *Papasan*, 478 U.S. at 278). Thus, plaintiff's claim "meets the requirements of *Ex parte Young* and therefore avoids the Eleventh Amendment bar to suit against state officials. Plaintiff sufficiently (a) alleges an ongoing violation of federal law; and (b) seeks relief properly characterized as prospective." *King*, 2014 WL 689028, at *6 (quoting *In re Deposit Ins. Agency*, 482 F.3d at 618) (internal quotation marks omitted)).

### 3. **Personal Involvement**

"[I]n order to recover damages in a civil rights action, [the] plaintiff must allege a defendant's direct or personal involvement in the alleged constitutional deprivations, and supervisory officials may not be held liable merely because they held a position of authority." *Golston v. Cortese*, No. 1:21-CV-914 (GTS/CFH), 2022 WL 2657290, at *6, n.7 (N.D.N.Y. Apr. 1, 2022), *report and recommendation adopted,* No. 1:21-CV-914 (GTS/CFH), 2022 WL 2071773 (N.D.N.Y. June 9, 2022) (quoting *Montes v. O'Shea*, No. 1:21-CV-303 (DNH/ATB), 2021 WL 1759853, at *5 (N.D.N.Y. Apr. 6, 2021), *report and*

*recommendation adopted,* No. 1:21-CV-303, 2021 WL 1758858 (N.D.N.Y. May 4, 2021) (citing *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994); *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676)); *see also Davis v. Cnty. of Nassau*, 355 F. Supp. 2d 668, 677 (E.D.N.Y. 2005) (quoting *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)) (A "complaint must still allege particular *facts* indicating that an individual defendant was personally involved in the deprivation of the plaintiff's constitutional rights; mere 'bald assertions and conclusions of law' do not suffice."). "A complaint that essentially regurgitates the relevant 'personal involvement' standard, without offering any facts indicating that, or how, an individual defendant in a supervisory role was personally involved in a constitutional violation, cannot withstand dismissal." *Davis*, 355 F. Supp. 2d at 677. (citations omitted). "[V]ague, conclusory allegations do not satisfy the personal involvement standard." *Collins v. City Univ. of New York*, No. 21 CIV. 9544 (NRB), 2023 WL 1818547, at *6 (S.D.N.Y. Feb. 8, 2023) (citing *Medina v. Kaplan*, No. 16-CV-7223, 2018 WL 797330, at *6 (S.D.N.Y. 2018)).

Plaintiff names Rosa as the sole defendant, claiming that "the New York State Commissioner of Education has withheld my [nurse practitioner] license since 2023[,]" despite "meeting all criteria." Dkt. No. 1 at 7. Yet, plaintiff's complaint fails to specify how Rosa was personally involved in the alleged constitutional violation. *See Golston*, 2022 WL 2657290, at *6. More specifically, plaintiff's complaint does not state whether Rosa is responsible for reviewing plaintiff's license application, how Rosa was directly involved in

the delay of the review of plaintiff's license application, or what action(s) Rosa herself took to withhold plaintiff's nurse practitioner license or prevent NYS OOP from issuing plaintiff's nurse practitioner license.  Rosa's title as Commissioner of Education, without more, is not enough to demonstrate her personal involvement.  *See Collins*, 2023 WL 1818547, at *6 (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003)) ("[D]efendants . . . may not be held liable for constitutional violations in a § 1983 action merely because they hold a high position of authority."); *D'Angelo v. Annucci*, No. 16-CV-6459, 2017 WL 6514692, at *5 (S.D.N.Y. Dec. 19, 2017) (dismissing a Section 1983 claim for lack of personal involvement where the "[p]laintiff has not alleged any way in which [the] [d]efendants were personally responsible for, or involved in the circumstances that resulted in" the plaintiffs' alleged harms.).

Similarly, Rosa's position as Commissioner of the New York State Education Department, without more, does not render her liable for any action or inactions of staff working under her direction and supervision.  "[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior."  *Richardson*, 347 F.3d at 435 (quoting *Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2003) (citing *Al-Jundi v. Estate of Rockefeller,* 885 F.2d 1060, 1065 (2d Cir. 1989)).  Rather, supervisor liability under § 1983

> can be shown in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring."

*Id*. (quoting *Hernandez,* 341 F.3d at 145).

Here, plaintiff (1) has not demonstrated that Rosa directly participated the alleged constitutional violations; (2) has not alleged that Rosa failed "to remedy a wrong after being informed through a report or appeal"; (3) is not challenging a policy or custom; (4) has not alleged grossly negligent supervision; and (5) has not alleged that Rosa failed "to act on information indicating that unconstitutional acts were occurring." *Richardson*, 347 F.3d at 435; *see also generally* Dkt. No. 1. Thus, plaintiff's complaint fails to sufficiently allege Rosa's personal involvement under a theory of supervisor liability. *See Collins*, 2023 WL 1818547, at *6; *Richardson*, 347 F.3d at 435.

Therefore, the undersigned recommends that all plaintiff's claims against Rosa be dismissed without prejudice and with leave to amend because plaintiff has not alleged that Rosa was personally involved in the alleged constitutional violations. *See Collins*, 2023 WL 1818547, at *6; *Richardson*, 347 F.3d at 435; FED. R. CIV. P. 8(a)(2). Although the undersigned recommends dismissal for all of plaintiff's claims against Rosa due to a failure to demonstrate Rosa's personal involvement, with judicial efficiency in mind,[11] the undersigned proceeds to review the merits of plaintiff's claims.

## 4. **Merits**

### a. **Due Process**

Plaintiff argues that the withholding of their nurse practitioner license "without due process could be argued as a violation of your liberty and property interests."[12] Dkt. No. 1 at 6.

---

[11] As the undersigned recommends leave to amend, it would make the most sense, for conservation of limited judicial resources, to determine if plaintiff would be able to proceed on the merits should they be permitted an amendment.

[12] Plaintiff includes this language in a list of constitutional articles and definitions. *See* Dkt. No. 1 at 6. It is not explicitly clear if plaintiff intended this inclusion to state a due process claim, yet the undersigned has so interpreted in light of special solicitude.

b. **Procedural Due Process**

i. **Property Interest**

The Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend. XIV, § 1. "Those seeking to invoke its protection must establish that one of these interests is at stake." *Cullen v. Mello*, No. 23-413, 2024 WL 1904571, at *1 (2d Cir. May 1, 2024) (internal quotation marks and citations omitted). "The two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes, and, if so, what process was due before plaintiff could be deprived of that interest." *Nicholas v. Seggos*, No. 8:23-CV-463 (GTS/CFH), 2023 WL 6121164, at *5 (N.D.N.Y. Sept. 19, 2023), *report and recommendation adopted,* No. 8:23-CV-0463 (GTS/CFH), 2023 WL 7004103 (N.D.N.Y. Oct. 24, 2023) (quoting *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citation omitted)).

"Protected property interests 'are not created by the Constitution,' but 'are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" *Cullen*, 2024 WL 1904571, at *1 (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). "It is possible for a person to have a property interest in a vocational license." *Nicholas*, 2023 WL 6121164, at *6 (citing *New York State Trawlers Ass'n v. Jorling*, 16 F.3d 1303, 1311 (2d Cir. 1994) ("Persons engaged in an industry affecting the public interest may be subject to state regulation, including licensing schemes. One's interest in a license may be a property interest cognizable by the Due

17

Process Clause of the Constitution . . . Constitutional cognizance of a property interest in a vocational license requires states to administer licensing schemes fairly.")).

The Second Circuit has held that "an interest in an occupational license may be protected, so long as a plaintiff can demonstrate a legitimate claim of entitlement grounded in established law." *Cullen*, 2024 WL 1904571, at *1 (citing *Spinelli v. City of New York*, 579 F.3d 160, 169 (2d Cir. 2009) (quoting *Roth*, 408 U.S. at 577)). An individual's property interest in an occupational license "'largely turns on whether the issuing authority lacks discretion to deny [it], i.e., whether the authority is required to issue it upon ascertainment that certain objectively ascertainable criteria have been met.'" *Id*. (quoting *Ace Partners, LLC v. Town of E. Hartford*, 883 F.3d 190, 195 (2d Cir. 2018)). "Conversely, interests in 'possible future license[s],' or in existing licenses revokable in the state's discretion, cannot support a due process claim." *Id*. (quoting *Spinelli*, 579 F.3d at 169).

The State of New York requires a license to work as a nurse practitioner within the state.[13] The New York State Education Law and regulations set forth the requirements to obtain a nurse practitioner license. *See* N.Y. Educ. Law § 69.10; N.Y. Comp. Codes R. & Regs. tit. 8, § 64.4. The NYS OOP administers these requirements and is responsible for issuing nurse practitioner licenses within the state.[14] Plaintiff states that they have not been issued a nurse practitioner license despite satisfying all of the necessary requirements. *See* Dkt. No. 1 at 7. Yet, the state licensure laws do not elucidate whether the NYS OOP's issuance of a nurse practitioner license is automatic where an applicant demonstrates that they satisfy all the requirements or whether the NYS OOP has

---

[13] NEW YORK STATE EDUCATION DEPARTMENT, OFFICE OF THE PROFESSIONS, "Nurse Practitioner," https://www.op.nysed.gov/nurse-practitioners (last visited Apr. 18, 2025).
[14] NEW YORK STATE EDUCATION DEPARTMENT, OFFICE OF THE PROFESSIONS, "Nurse Practitioner," https://www.op.nysed.gov/nurse-practitioners (last visited Apr. 18, 2025).

discretion to deny a license application to such a candidate. *See Cullen*, 2024 WL 1904571, at *1. Whether plaintiff has a property interest or future property interest in their nurse practitioner license hinges on this distinction. Therefore, accepting plaintiff's factual assertions as true for the purposes of this filing, plaintiff may potentially have a property interest or future property interest in a nurse practitioner license.[15] *See Cullen,* 2024 WL 1904571, at *1.

"However, there can be no Due Process Clause violation so long as the State provides a meaningful post[-]deprivation remedy." *Nicholas*, 2023 WL 6121164, at *6 (quoting *Clark v. Dominique*, 798 F. Supp. 2d 390, 401 (N.D.N.Y. 2011) (internal quotations omitted) (quoting *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996)). "In New York State, an Article 78[16] proceeding provides an avenue of post[-]deprivation redress that satisfies due process requirements." *Id*. (quoting *Clark*, 798 F. Supp. 2d at 401); *see also Rhee-Karn v. Burnett*, No. 13 CIV. 6132 (JPO), 2014 WL 4494126, at *5 (S.D.N.Y. Sept. 12, 2014) ("An Article 78 petition is the proper vehicle for challenging state actions taken in violation of the Federal Constitution.") (citations omitted). "[I]t matters not whether a plaintiff actually avails himself of the state

---

[15] The undersigned acknowledges that this is likely not information plaintiff will be able to provide the Court upon filing an amended complaint.

[16] The only questions that may be raised in a proceeding under this article are:

    1. whether the body or officer failed to perform a duty enjoined upon it by law; or
    2. whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or
    3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed; or
    4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.

N.Y. C.P.L.R. 7803.

court post-deprivation process. So long as that process is available, a due process claim must be dismissed." *Id.* (quoting *Clark*, 798 F. Supp. 2d at 401 (quoting *Longo v. Suffolk Cnty. Police Dep't*, 429 F. Supp. 2d 553, 560 (E.D.N.Y. 2006)). "In contrast, when the deprivation is pursuant to an established state procedure, the state can predict when it will occur and is in the position to provide a pre-deprivation hearing. Under those circumstances, the availability of post-deprivation procedures will not, *ipso facto,* satisfy due process." *Id.* (quoting *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006) (citation and quotation marks omitted)).

"Generally, [t]hose who wish to challenge agency determinations under article 78 may not do so until they have exhausted their administrative remedies[.]" *Nicholas*, 2023 WL 6121164, at *6 (quoting *Walton v. New York State Dept. of Correctional Servs.*, 863 N.E.2d 1001, 1006 (Ct. App. 2007)). "Absent exceptional circumstances, it is only after such a hearing is held, and a final determination made, that an aggrieved party may bring a[n] article 78 proceeding to challenge the legality of the determination[.]" *Id.* (quoting *Matter of Pyramid Co. of Onondaga v. Hudacs*, 597 N.Y.S.2d 816, 818 (App. Div. 1993). Alternatively, "[a]n article 78 proceeding may lie in the absence of a final determination where the relief sought is by way of prohibition or by way of mandamus to compel performance by an administrative agency of a duty enjoined by law." *Id.* (quoting *Hamptons Hosp. & Med. Ctr., Inc. v. Moore*, 417 N.E.2d 533, 537 (N.Y. 1981) (footnote omitted)). "Mandamus for such purpose, however, lies only where the right to relief is 'clear' and the duty sought to be enjoined is performance of an act commanded to be performed by law and involving no exercise of discretion." *Id.* (quoting *Hamptons Hosp. & Med. Ctr., Inc*, 417 N.E.2d at 537 (citation omitted) and citing *Hoffmann v. New York State*

*Indep. Redistricting Comm'n*, 192 N.Y.S.3d 763, 768-69 (App. Div. 2023) ("Discretionary acts involve the exercise of judgment that may produce different and acceptable results[.]") (citations omitted)).

Plaintiff alleges that they have not received a decision on their nurse practitioner license application. *See* Dkt. No. 1 at 7. It is unclear whether there exists a "final agency determination which could be brought for review under Article 78." *Nicholas*, 2023 WL 6121164, at *6. Plaintiff's complaint lacks any information regarding the efforts they took, if any, to follow up with NYS OOP, pursue any available administrative remedies at NYS OOP, or commence an Article 78 proceeding to compel the New York State Education Department to issue a decision. *See generally* Dkt. No. 1. Therefore, the undersigned recommends that plaintiff's procedural due process claim be dismissed with leave to amend because it is unclear whether plaintiff pursued any available administrative remedy at the agency level or initiated an Article 78 proceeding to compel NYS OOP to issue a decision.[17] *See Nicholas*, 2023 WL 6121164, at *7; *see* Fed. R. Civ. P. 8(a)(2).

### c. **Substantive Due Process**

The Fourteenth Amendment also includes a substantive component "barring certain government actions regardless of the fairness of the procedures used to implement them." *Nicholas*, 2023 WL 6121164, at *7 (quoting *Hurd v. Fredenburgh*, 984 F.3d 1075, 1087 (2d

---

[17] The undersigned acknowledges that, should plaintiff be permitted an opportunity to amend and so amends, plaintiff may advise the Court that they did not pursue any agency-level administrative remedies or that the New York State Education Department has no administrative process that plaintiff could have exhausted. *See Nicholas*, 2023 WL 6121164, at *6. As this Court has acknowledged that it is unclear whether there exists any administrative remedies at the New York State Education Department, such an amendment would not necessarily be fatal at this early stage in the proceedings. *See id.* at 7 ("At this early stage, the undersigned recommends allowing the procedural due process claim to proceed past initial review as plaintiff alleges that there was no administrative process available for him to exhaust administrative remedies and it is not certain whether the right to the license is clear and nondiscretionary."). Regardless, an opportunity to amend is necessary because this Court has no information before it as to whether plaintiff pursued any administrative remedies.

Cir. 2021) (citation omitted)).  "The first step in substantive due process analysis is to identify the constitutional right at stake."  *Id*. (quoting *Hurd*, 984 F.3d at 1087) (citation omitted).  "Substantive due process protections extend only to those interests that are 'implicit in the concept of ordered liberty,' which are rights 'so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"  *Id*. (quoting *Smith v. Hogan*, 794 F.3d 249, 255-56 (2d Cir. 2015) (citations omitted)).  "Next, the plaintiff must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."  *Id*. (quoting *Hurd*, 984 F.3d at 1087 (citation and quotation marks omitted)).  "The interference with the plaintiff's protected right must be so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection."  *Id*. (quoting *Hurd*, 984 F.3d at 1087 (quoting *Southerland v. City of New York*, 680 F.3d 127, 151 (2d Cir. 2012))).

The "criteria to identify what is fatally arbitrary differ[s] depending on whether it is legislation or a specific act of a governmental officer that is at issue."  *Nicholas*, 2023 WL 6121164, at *7 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).  "To prevail when challenging executive action that infringes a protected right, a plaintiff must show not just that the action was literally arbitrary, but that it was 'arbitrary in the constitutional sense[.]'"  *Id.* (quoting *O'Connor v. Pierson*, 426 F.3d 187, 203 (2d Cir. 2005) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992))).  "Mere irrationality is not enough: 'only the most egregious official conduct,' conduct that 'shocks the conscience,' will subject the government to liability for a substantive due process violation

based on executive action." *Id.* (quoting *O'Connor*, 426 F.3d at 203) (quoting *County of Sacramento*, 523 U.S. at 846)).

"[T]he measure of what is conscience-shocking is no calibrated yard stick . . . ." *Nicholas*, 2023 WL 6121164, at *7 (quoting *O'Connor*, 426 F.3d at 203 (citation omitted)). "[W]hether executive action shocks the conscience depends on the state of mind of the government actor and the context in which the action was taken." *Id.* (quoting *O'Connor*, 426 F.3d at 203). "[M]ere negligence will never give rise to a substantive due process violation." *O'Connor*, 426 F.3d at 203 (citing *Daniels,* 474 U.S. at 328, *County of Sacramento*, 523 U.S. at 849). Rather, a plaintiff must demonstrate that the defendant acted with "culpable intent." *Id*.

### i. Liberty Interest

"[T]he Supreme Court, th[e] [Second] Circuit, and the other Circuits addressing the issue have all indicated that the right of occupational choice is afforded Due Process protection only when a plaintiff is 'complete[ly] prohibit[ed]' from engaging in his or her chosen profession." *Nicholas*, 2023 WL 6121164, at *7 (quoting *Barzilay v. City of New York*, 610 F. Supp. 3d 544, 614 (S.D.N.Y. 2022) (quoting *Hu v. City of New York*, 927 F.3d 81, 102 (2d Cir. 2019))). "In other words, 'one must have no ability to practice one's profession at all in order to state a claim for a deprivation of a liberty interest.'" *Id*. (quoting *Barzilay*, 610 F. Supp. 3d at 615) (citations omitted)); *see also The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 572 (1972) (quoting Meyer v. Nebraska, 262 U.S. 390, 399 (1923) ("While this court has not attempted to define with exactness the liberty . . . guaranteed (by the Fourteenth Amendment)," the definition of "'liberty' must be broad" and includes the right "to engage in any of the common occupations of life.")); *Conn v. Gabbert*,

526 U.S. 286, 291-92, (1999) ("[T]his Court has indicated that the liberty component of the Fourteenth Amendment's Due Process Clause includes some generalized due process right to choose one's field of private employment, but a right which is nevertheless subject to reasonable government regulation.") (citations omitted).

As discussed above, plaintiff may have a property interest in their nurse practitioner license. *See supra* at 18; *Cullen*, 2024 WL 1904571, at *1. Plaintiff also has a liberty interest in the right to choose their own occupation and employment. *See Conn*, 526 U.S. at 291-92. Yet, plaintiff's property interest in their nurse practitioner license is independent of plaintiff's liberty interest in their right to work as a nurse practitioner. *See Roth*, 404 U.S. at 572-73, 576. Although plaintiff cannot work in New York State as a nurse practitioner without a license,[18] plaintiff has neither alleged, nor demonstrated, that Rosa was personally involved in any deprivation of their liberty interest. Plaintiff has not alleged that Rosa took any specific action affecting their nurse practitioner license application, or alternatively, that Rosa took an "executive action" affecting their licensure rising to the level of shocking one's conscience. *Nicholas*, 2023 WL 6121164, at *7; *Richardson*, 347 F.3d at 435. Further, plaintiff has not raised any allegation regarding Rosa's state of mind, that Rosa was more than negligent in failing to issue a decision or that her purported inaction was directed specifically at plaintiff. *See O'Connor*, 426 F.3d at 203 (citing *Daniels,* 474 U.S. at 328) ("[M]ere negligence will never give rise to a substantive due process violation.")). Therefore, the undersigned recommends that plaintiff's substantive due process claim be dismissed with leave to amend because plaintiff has not demonstrated that Rosa was personally involved in depriving them of their liberty interest as it relates to

---

[18] NEW YORK STATE EDUCATION DEPARTMENT, OFFICE OF THE PROFESSIONS, "Nurse Practitioner," https://www.op.nysed.gov/nurse-practitioners (last visited Apr. 18, 2025).

engaging in their chosen occupation.  *See Roth*, 404 U.S. at 572-73, 576; *O'Connor*, 426 F.3d at 203; *Nicholas*, 2023 WL 6121164, at *7; *Richardson*, 347 F.3d at 435; Fᴇᴅ. R. Cɪᴠ. P. 8(a)(2).

### d.  **Fourteenth Amendment: Equal Protection**

"The Equal Protection Clause requires state actors to treat similarly situated persons alike."  *Barzee v. Tyler*, No. 8:21-CV-902 (GTS/CFH), 2022 WL 1406606, at *9 (N.D.N.Y. May 3, 2022), *report and recommendation adopted,* No. 8:21-CV0 0902 (GTS/CFH), 2022 WL 2079084 (N.D.N.Y. June 9, 2022) (citing *City of Cleburn, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).  "Typically an equal protection claim is brought by a member of a vulnerable class, who alleges discrimination based upon that membership."  *Id.* (quoting *AYDM Assocs., LLC v. Town of Pamelia*, 205 F. Supp. 3d 252, 265 (N.D.N.Y. 2016) (citing *Harlen Assocs. v. Incorporated Village of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001)).  "However, the equal protection guarantee also extends to individuals who allege no specific class membership but are nonetheless subjected to invidious discrimination at the hands of government officials."  *Id.* (quoting *AYDM Assocs., LLC*, 205 F. Supp. 3d at 265 (internal quotations marks and citations omitted)).

"A plaintiff may bring a class-of-one claim by showing that he or she was intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment."  *Barzee*, 2022 WL 1406606, at *9 (quoting *AYDM Assocs.*, 205 F. Supp. 3d at 268 (internal quotation marks omitted) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 654 (2000)).  "[C]lass-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons [with] whom they compare themselves."  *Id.* (quoting *Bill & Ted's Riviera, Inc. v. Cuomo*, 494 F. Supp. 3d 238, 246

(N.D.N.Y. 2020)) (internal quotation marks and citations omitted); *see also Hu v. City of N.Y.*, 927 F.3d 81, 93 (2d Cir. 2019) (resolving uncertainty as to the "extremely high" degree of similarity required for comparators in "class-of-one" claims.  To prove a "class-of-one" claim:

> [A] plaintiff must establish that he and a comparator are "*prima facie* identical" by showing that "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and differences in treatment are sufficient to exclude the possibility that the defendant acted on the basis of mistake."

*Id*. (quoting *Hu*, 927 F.3d at 92 (quoting *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005), *overruled on other grounds by Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008)).

Plaintiff's complaint includes the Equal Protection Clause as part of a list of Constitutional Articles and definitions.  *See* Dkt. No. 1 at 6.  This list of definitions states that an equal protection violation arises when individuals are "treated differently than similarly situated individuals without a rational basis or due to discrimination."  *Id*.  Although this list appears to be something pulled from a third-party source, perhaps a website or similar resource, applying special solicitude, plaintiff could be attempting to argue that they have been treated differently from other applicants who sought nurse practitioner licenses and obtained such licenses.  However, plaintiff has not alleged that Rosa intentionally targeted them based on their membership in a specific class.  *See* Dkt. No. 1 at 6-7.  Instead, plaintiff states that their nurse practitioner license was withheld, rendering them ineligible from working in New York State as a nurse practitioner.  *See id*.  Accordingly, "[p]laintiff's purported equal protection claim is inadequate because [they have] failed identify any '*prima facie* identical' comparators."  *Barzee*, 2022 WL 1406606, at *9; *see,*

*e.g., Callwood v. City of Kingston*, No. 1:15-CV-1298 (GLS/TWD), 2020 WL 2838602, at *22 (N.D.N.Y. Jun. 1, 2020) (dismissing equal protection claim where the plaintiffs failed to identify any similarly-situated individuals that they were treated differently from); *MacPherson v. Town of Southampton*, 738 F. Supp. 2d 353, 371 (E.D.N.Y. 2010) (dismissing equal protection claim, "whether pled as a selective enforcement claim or a class-of-one claim," where the complaint failed to "identify any comparators or similarly situated entities"). Plaintiff's language is conclusory and fails to satisfy the pleading requirements under Rule 8. *See* Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678. Therefore, the undersigned recommends that plaintiff's complaint, insofar as it can be read to set forth an Equal Protection claim, be dismissed with leave to amend.

## IV. **Leave to Amend**

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gerken*, 2024 WL 4608307, at *15 (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation and internal quotation marks omitted)). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" *Id.* (citing *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Here, plaintiff's claim against Rosa in her official capacity for monetary damages is barred by sovereign immunity, which cannot be resolved by a better pleading. The Fourteenth Amendment due process and equal protection claims can potentially be cured by a better pleading. Accordingly, it is recommended that insofar as plaintiff seeks to

proceed against Rosa in her official capacity for monetary damages, such request be dismissed in its entirety without prejudice and without opportunity to amend.  It is recommended that plaintiff's Fourteenth Amendment procedural and substantive due process and equal protection claims against Rosa (1) in her official capacity for prospective injunctive relief, and (2) in her individual capacity be dismissed in their entirety without prejudice and with opportunity to amend.[19]

## V.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that insofar as plaintiff seeks to proceed against Rosa in her official capacity for monetary damages (Dkt. No. 1), such claim for relief be **DISMISSED without prejudice and without leave to amend**; it is further

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) otherwise be **DISMISSED in its entirety without prejudice and with leave to amend**; it is further

**RECOMMENDED**, that if the District Judge adopts this Report and Recommendation Order and permits plaintiff to amend his complaint, plaintiff be given thirty (30) days from the District Judge's Decision and Order adopting this Report-Recommendation and Order to file an amended complaint, and if plaintiff does not timely

---

[19] In the event the District Judge adopts the undersigned's Report-Recommendation & Order and plaintiff is permitted to amend the complaint, plaintiff is advised that any amended pleading cannot incorporate a prior pleading by reference. Any amended pleading supersedes and replaces a prior pleading in its entirety. Further, an amended pleading may only proceed against those defendants and claims dismissed by this Court without prejudice and with leave to amend. An amended pleading must also establish this Court's jurisdiction and state a claim for relief against each named defendant for which leave to replead was granted according to Rules 8 and 10 of the Federal Rules of Civil Procedure.  Finally, any amended pleading must be signed.

file an amended complaint pursuant to the District Judge's Decision and Order, the Clerk may close this case without the requirement of further order of the Court; and it is

ORDERED, that the Clerk serve a copy of this Report-Recommendation and Order in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[20]

Dated:  May 6, 2025
　　　Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge

---

[20] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).