**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

TAUHEEDAH WALKER,

            Plaintiff,

           -v-                                        1:24-CV-1171 (AJB/PJE)

BETTY A. ROSA,

            Defendant.
_____

**APPEARANCES:**                               **OF COUNSEL:**

TAUHEEDAH WALKER
Plaintiff, Pro Se
428 East 137th Street, Apt. 1D
Bronx, NY 10454

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On September 25, 2024, *pro se* plaintiff Tauheedah Walker ("plaintiff") filed this action alleging that defendant New York State Education Department Commissioner Betty A. Rosa has wrongfully withheld or refused to process her application for a nurse practitioner's license. Dkt. No. 1. Along with her complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2. The matter was initially assigned to Senior U.S. District Judge Glenn T. Suddaby, who referred the complaint to the magistrate judge for an initial review. Thereafter, the case was reassigned to this Court for all further proceedings. Dkt. No. 5.

On May 6, 2025, U.S. Magistrate Judge Paul J. Evangelista granted plaintiff's IFP Application and, after an initial review of the pleading, advised by Report & Recommendation ("R&R") that plaintiff's complaint should be dismissed with <u>partial</u> leave to amend. Dkt. No. 6.

As Judge Evangelista explained, a liberal reading of plaintiff's complaint indicated that she has asserted claims under 42 U.S.C. § 1983, a federal statute that permits a person to sue a state actor who has injured them by violating their constitutional rights.

Judge Evangelista explained that there are two primary ways to make out a § 1983 claim against a state actor such as defendant Rosa: (1) in that defendant's "official capacity"; or (2) in that defendant's "individual capacity." But as Judge Evangelista noted, there is a constitutional rule that says a state actor such as defendant Rosa is immune from being sued under § 1983 in their "official capacity" for money damages. So that claim would have to be dismissed.

However, as Judge Evangelista explained, a state actor such as Rosa could still be sued under § 1983 in other ways. For instance, Rosa could be sued in her "official capacity" to stop the ongoing violation of a federal law. Alternatively, Rosa could also be sued in her "individual capacity" for money damages. Importantly, though, as Judge Evangelista noted, an "individual capacity" claim for money damages would require the plaintiff to allege that the state actor was "personally involved" in the alleged constitutional violation.

Judge Evangelista concluded that plaintiff's complaint, which seems to be seeking money damages from defendant Rosa, failed to plausibly allege that Rosa was "personally involved" in the constitutional violation, *i.e.*, the allegedly wrongful withholding of, or refusal to process, her application for a nurse practitioner's license. Even so, because plaintiff might be able to identify a more detailed set of facts that would substantiate how defendant Rosa is personally involved in this alleged violation of her constitutional rights, Judge Evangelista advised that plaintiff should be allowed to amend her complaint to attempt to do so.

Plaintiff has filed objections. Dkt. No. 7. Broadly speaking, plaintiff contends that the R&R failed to credit her complaint's allegations of significant harm. *See id*. In plaintiff's view,

the R&R should have recognized that defendant Rosa's unreasonable delay with her application for a nurse practitioner's license has caused her to suffer substantial damages. *Id*. According to plaintiff, the Court should permit this case to proceed to discovery. *Id*.

Upon *de novo* review, Judge Evangelista's R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C). To be clear, the Court is not unsympathetic to plaintiff's assertions of substantial harm stemming from the allegedly wrongful withholding of, or refusal to process, her application for a nurse practitioner's license. The problem is that plaintiff's complaint, at least in its current form, is essentially one-paragraph long and framed in wholly conclusory terms:

> III.  Statement of Claim:
>
> I, Tauheedah Walker, have fulfilled all the requirements to obtain my Nurse Practitioner (NP) license in New York, including graduating with a Masters in nurse practitioner (2022) Doctorate in Nursing (2023) both from Purdue University with honors. Being cleared to practice as a Registered Nurse by the NYS OOP in 2018. Despite meeting all criteria, the New York State Commissioner of Education has withheld my NP license since 2023 without any explanation. This has cause me significant financial hardship, including the inability to accept a $140,000 job offer as a Nurse Practitioner in June 2023, forcing me to enroll in medical school abroad at a cost of $114,000, and resulting in homelessness and reliance on unemployment benefits.

Dkt. No. 1 at 7 (so in original).

This is not a detailed enough set of facts from which to plausibly conclude that defendant Rosa might be "personally involved" in the alleged constitutional violation. Although Rule 8 of the Federal Rules of Civil Procedure requires that a pleading include a "short and plain statement of the claim," the Supreme Court has held that a complaint must allege something more before the Court can unlock the door to discovery: "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff is advised that she is being given an opportunity to try to re-plead her § 1983 claims against defendant Rosa (or another responsible party or parties) in a manner that might permit her to go to discovery. If plaintiff chooses to take advantage of this opportunity, she should submit an amended complaint that contains enough factual details about the relevant events to allow the Court to determine whether she has plausibly alleged one or more § 1983 claims against one or more state actors under the law governing her constitutional claims, as explained by Judge Evangelista in the R&R.

To do so, plaintiff must clearly describe the events that led to her claims, which should include information about the dates, times, places, and the state actors involved, along with an explanation of how each state actor committed each allegedly wrongful act. In short, plaintiff should endeavor to submit an amended complaint that contains a single, clear, chronologically ordered history of the events that allegedly occurred and that describes, with some supporting factual detail, how each named defendant was involved in the alleged violation of her rights.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 6) is ACCEPTED; and

2. Plaintiff's complaint (Dkt. No. 1) is DISMISSED with <u>partial</u> leave to amend;

3. Plaintiff's § 1983 official-capacity claims against defendant Rosa for money damages are DISMISSED <u>without leave to amend</u>;

4. Plaintiff's § 1983 claims against defendant Rosa are otherwise DISMISSED <u>with leave to amend</u>;

5. Plaintiff shall have THIRTY DAYS in which to submit an amended complaint that follows the instructions set forth in Judge Evangelista's R&R and this Order;

- 5 -

6.  If plaintiff timely files an amended complaint, the Clerk is directed to REFER this matter to the assigned magistrate for further review; and

7.  If plaintiff does not timely file an amended complaint, the Clerk is directed to enter a judgment dismissing this action without prejudice without further Order of this Court.

The Clerk of the Court is directed to terminate the pending motion and set deadlines accordingly.

**IT IS SO ORDERED.**

Dated:  May 29, 2025
        Utica, New York.

Anthony J. Brindisi
U.S. District Judge