**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

────────────────────────────────

TAUHEEDAH WALKER,

                                        Plaintiff,

            v.

BETTY A. ROSA,                                        No. 1:24-CV-1171
                                                      (AJB/PJE)

                                        Defendant.

────────────────────────────────

**APPEARANCES:**

Tauheedah Walker
418 E. 137th Street, Apt. 1D
Bronx, New York 10454
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION & ORDER

#### I. **Background**

        Plaintiff commenced this action on September 25, 2024, by filing a complaint and

an application for leave to proceed in forma pauperis ("IFP").  *See* Dkt. Nos. 1-2.  On May

6, 2025, the undersigned granted plaintiff's IFP application.  *See* Dkt. No. 6.  On review of

the original complaint, the undersigned interpreted it as seeking to allege violations of

plaintiff's (1) Fourteenth Amendment Due Process rights, and (2) Fourteenth Amendment

Equal Protection rights.  *See id*.  The undersigned recommended that (1) plaintiff's claims

against Betty A. Rosa ("Rosa"), Commissioner of the New York State Education

Department ("NYSED"), for monetary damages in her official capacity be dismissed

without prejudice and without leave to amend; (2) plaintiff's claims against Rosa in her individual capacity be dismissed without prejudice with leave to amend; and (3) the remainder of plaintiff's complaint be dismissed its entirety without prejudice and with leave to amend for failure to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.[1]  *See id.*  In recommending dismissal of plaintiff's claim against Rosa in her official capacity for monetary damages, the undersigned explained that this claim was barred by the doctrine of sovereign immunity and could not be cured by a better pleading. *See* Dkt. No. 6 at 9-11, 27-28.  The undersigned also explained that plaintiff failed to demonstrate that Rosa was personally involved in withholding her nurse practitioner license, that she was targeted because of membership in a protected class, or that she "pursued any available administrative remedy at the agency level or initiated an Article 78 proceeding" to compel the New York State Office of the Professions ("NYS OOP") to issue a decision.  *Id.* at 21; *see id.* at 14-16, 26.  The undersigned further recommended that if plaintiff were permitted to file an amended complaint, any amended pleading "cannot incorporate a prior pleading by reference," "supersedes and replaces a prior pleading in its entirety," "may only proceed against those defendants and claims dismissed by this Court without prejudice and with leave to amend," and must fully comply with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure.  *Id.* at 28.

On May 29, 2025, the Court adopted the Report-Recommendation & Order in its entirety.  *See* Dkt. No. 8.  On June 3, 2025, plaintiff filed an amended complaint.  *See* Dkt.

---

[1] Hereinafter, "Fed. R. Civ. P."

No. 9-1.  Presently before the undersigned is review of plaintiff's amended complaint pursuant to 42 U.S.C. § 1915.[2]

## II. **Review of Amended Complaint**

### A. **Amended Complaint**

Plaintiff's amended complaint is very similar to the original complaint.[3]  *See* Dkt. Nos. 1, 9-1.  In the amended complaint, plaintiff repeats her Fourteenth Amendment Due Process and Equal Protection allegations against Rosa in both her official and individual capacities, specifying that on February 23, 2022, she filed a nurse practitioner license application with the NYSED, and on June 8, 2023, she was offered a position as a nurse practitioner with the Essen Medical Group that she was unable to accept because the NYSED had not issued her nurse practitioner license.  *See* Dkt. No. 9-1 at 2.  Plaintiff also adds as a defendant David Hamilton, Assistant Commissioner of the Office of Professions ("Hamilton"), in both his official and individual capacities, and raises against him the same allegations she made against Rosa.  *See id.* at 1-2.

Plaintiff adds a new claim against Rosa, Hamilton, New York City Health and Hospitals, Correctional Health Services ("CHS"), and the NYSED[4] alleging that she was

---

[2] Section 1915(e) directs that when a plaintiff is allowed to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his or her complaint before permitting him or her to proceed with his or her action.

[3]  As the amended complaint repeats the same facts as the original, the undersigned will not repeat them here except where necessary to review the merits of the claims set forth in the amended complaint. Familiarity with the original complaint; the May 6, 2025, Report-Recommendation & Order; and the May 29, 2025, Order on Report & Recommendation is presumed.  *See* Dkt. Nos. 1, 6, 8.  For further details regarding the facts and claims underlying this action, reference is made to the original complaint; the May 6, 2025, Report-Recommendation & Order; and the May 29, 2025, Order on Report & Recommendation.  *See id.*

[4] Plaintiff does not list the NYSED or CHS in the caption or "parties" section of the Amended Complaint but does allege facts relating to the NYSED's and CHS' alleged involvement.  *See* Dkt. No. 9-1 at 2, ¶¶ 8, 10, 16.

retaliated against for filing this lawsuit.  *See* Dkt. No. 9-1 at 2-3.  Plaintiff asserts that on May 20, 2025, she received a written job offer from CHS for a staff nurse position.  *See id*. at 2.  "The offer included a start date, pay details, and onboarding instructions."  *Id*.  Plaintiff states that she accepted the offer, but on May 28, 2025, "after learning about [her] litigation against NYSED, [CHS] rescinded the job offer without providing any reason other than 'disqualification during the pre-employment process.'"  *Id*.  Plaintiff states the "[s]taff [n]urse role required only a valid [registered nurse] license," which she "possess[ed] without restriction."  *Id*.  Plaintiff further asserts that Rosa, Hamilton, and the NYSED "orchestrated" or "coordinat[ed]" with CHS to have this job offer rescinded in retaliation for her commencing this lawsuit and refusing to dismiss her claims.  *Id*.  Based on the foregoing, it appears that plaintiff seeks to add the NYSED and CHS as defendants in this matter.[5]  *See id*. at 1-3.

## B.  **Fed. R. Civ. P. 8**

As with plaintiff's original complaint, plaintiff's amended complaint fails to satisfy the pleading requirements of Rule 8.  *See* Fed. R. Civ. P. 8(a).  The May 6, 2025, Report-Recommendation & Order noted that plaintiff's original complaint "fail[ed] to provide any details or information explaining . . . (2) the efforts they made, if any, to inquire about the status of their license application or attempt to obtain a decision or other remedy from the New York State Education Department; (3) any Article 78 proceeding they may have commenced . . . ."  Dkt. No. 6 at 7.  Plaintiff's amended complaint also fails to include this information.  *See generally* Dkt No. 9-1.  Further, plaintiff fails to explain how Rosa, Hamilton, and the NYSED "orchestrated" or "coordinat[ed]" with CHS to have her job offer

---

[5] Plaintiff attaches to her amended complaint copies of the May 20, 2025, offer letter from CHS; the onboarding schedule; and the May 28, 2025, recission letter.  *See* Dkt. No. 9-1 at 5-6, 8.

rescinded or any factual support for a claim that Rosa and Hamilton were personally involved in any alleged retaliation.  *Id*. at 2.  This additional information is necessary to provide "fair notice of the claim[s] being asserted" and afford defendants a fair opportunity to file an answer and "prepare an adequate defense."  *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999); *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order); FED. R. CIV. P. 8(a)(2).  Therefore, the undersigned recommends that plaintiff's complaint, except plaintiff's claims (1) against Rosa and Hamilton in their official capacities for monetary damages, (2) for mandamus relief, (3) as against the NYSED and CHS, be dismissed without prejudice and with leave to amend for failure to satisfy Rule 8's pleading requirements.[6]  *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); FED. R. CIV. P. 8(a)(2).

## C. **Nurse Practitioner License**

### 1. **Fourteenth Amendment Procedural Due Process**

Plaintiff's amended complaint realleges that her Fourteenth Amendment procedural due process rights were violated and continue to be violated because the NYSED has still failed to issue a decision on her nurse practitioner license application.  *See* Dkt. No. 9-1 at 1-3.

"Section 1983 'allows plaintiffs with federal or constitutional claims to sue in federal court without first exhausting state judicial or administrative remedies.'"  *Barzee v. Tyler*, No. 8:21-CV-902 (GTS/CFH), 2022 WL 1406606, at *8 (N.D.N.Y. May 3, 2022), *report and recommendation adopted,* No. 8:21-CV-902 (GTS/CFH), 2022 WL 2079084 (N.D.N.Y. June 9, 2022) (quoting *Hellenic-American Neighborhood Action Committee v. City of New*

---

[6] The undersigned below addresses the reason for recommending dismissal of these other claims without leave to amend.

*York*, 101 F.3d 877, 881 (2d Cir. 1996)).[7]    However, "'[w]hen § 1983 claims allege procedural due process violations,' the Court may nonetheless evaluate whether state remedies exist 'because that inquiry goes to whether a constitutional violation has occurred at all.'"  *Id*. (quoting *Chase Grp. All. LLC v. City of N.Y. Dept. of Fin.*, 620 F.3d 146, 153 (2d Cir. 2010) (quoting *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 468 n.12 (2d Cir. 2006))).    "Said differently, '[w]hen there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty[,]' 'there *is no* constitutional violation (and no available § 1983 action).'"  *Id*. (quoting *Hellenic*, 101 F.3d at 882) (emphasis in original).

As discussed in the May 6, 2025, Report-Recommendation & Order, "[i]n New York State, an Article 78 proceeding provides an avenue of post[-]deprivation redress that satisfies due process requirements."  Dkt. No. 6 at 19 (quoting *Nicholas v. Seggos*, No. 8:23-CV-463 (GTS/CFH), 2023 WL 6121164, at *6 (N.D.N.Y. Sept. 19, 2023), *report and recommendation adopted,* No. 8:23-CV-0463 (GTS/CFH), 2023 WL 7004103 (N.D.N.Y. Oct. 24, 2023) (quoting *Clark v. Dominique*, 798 F. Supp. 2d 390, 401 (N.D.N.Y. 2011))) (internal quotation marks omitted); *Grune v. Hernandez*, No. 1:22-CV-857 (MAD/TWD), 2024 WL 2818367, at *7 (N.D.N.Y. June 3, 2024), *aff'd,* No. 24-1803, 2025 WL 1416891 (2d Cir. May 16, 2025) (quoting *Cieslinski v. Cassino*, 78 F. Supp. 2d 234, 237 (S.D.N.Y. 1999) (citing *Hellenic*, 101 F.3d at 881))) ("It has long been the law in this Circuit that the availability of Article 78 as post-deprivation remedy bars claims for violations of procedural due process.").  "[T]he Second Circuit frequently affirms the dismissal of procedural due

---

[7] The Court has provided plaintiff with copies of the unpublished decisions cited within this Report-Recommendation & Order except for those the Court provided her along with the May 6, 2025, Report-Recommendation & Order.

process claims brought by plaintiffs who had an Article 78 proceeding available to them." *Grune*, 2024 WL 2818367, at *7 (quoting *Corsini v. City of New York*, No. 20-CV-5459, 2023 WL 4420113, *8 (E.D.N.Y. July 10, 2023); *see also Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.*, 955 F. Supp. 2d 118, 129 (E.D.N.Y. 2013) (dismissing a procedural due process claim because the "plaintiff never brought an Article 78 proceeding in state court and did not set forth any basis for concluding that this available state remedy was inadequate").

"'[Article 78 is] an amalgam of the common law writs of certiorari to review, mandamus, and prohibition, [and] provides both a hearing and a means of redress for petitioners.'"  *Grune*, 2024 WL 2818367, at *8 (quoting *Barzee*, 2022 WL 1406606, at *8 (quoting *Hellenic*, 101 F.3d at 881)).   "'Additionally, constitutional issues can be decided in Article 78 proceedings.'" *Id.*  "If a government official within New York State has failed to act with regard to a litigant's property or liberty interest, courts have held that the process in which to compel that government official to take action is a state-court proceeding for mandamus relief under Article 78 of the New York Civil Practice Law and Rules." *Newman v. de Blasio*, No. 1:21-CV-6141 (LTS), 2021 WL 4254978, at *4 (S.D.N.Y. Sept. 17, 2021) (citing *Nenninger v. Vill. of Port Jefferson*, 509 F. App'x 36, 39 n.2 (2d Cir. 2013) (summary order) (dismissing a procedural due process claim arising from the village's failure to act on the plaintiff's land-use application because the plaintiff "was free to bring an Article 78 mandamus proceeding in New York State court")); *New York State Nat'l Org. for Women v. Pataki*, 261 F.3d 156, 168 (2d Cir. 2001) ("Once the delay in the processing of any claim of the members of subclasses A and B became unreasonable, each member could have

brought an Article 78 proceeding to mandamus [New York State] Division [of Human Rights] officials to proceed expeditiously to resolve the discrimination claim.").

As discussed in the May 6, 2025, Report-Recommendation & Order, plaintiff may potentially have a current or future property interest in a nurse practitioner license, and she has a liberty interest in the right to choose her own occupation.  *See* Dkt. No. 6 at 19, 24.  Although the Court afforded plaintiff an opportunity to amend to provide additional information in support of this claim, plaintiff's amended complaint fails to discuss whether she took any action to follow up with the NYSED after she submitted her nurse practitioner license application, pursued an administrative remedy with the NYSED, or filed an Article 78 proceeding to compel the NYSED to issue a decision.  *See generally* Dkt. No. 9-1; Dkt. No. 6 at 21.

Accordingly, the undersigned concludes that New York State provides an adequate post-deprivation remedy by way of filing an Article 78 proceeding in state court.  *See Newman*, 2021 WL 4254978, at *4; *Grune*, 2024 WL 2818367, at *8 (quoting *Barzee*, 2022 WL 1406606, at *8 (quoting *Hellenic*, 101 F.3d at 881)).  However, as plaintiff has failed to allege or argue that she filed Article 78 proceeding or that there existed anything preventing her from doing so, despite the Court affording plaintiff an opportunity to amend on this issue, she cannot proceed on her procedural due process claims in this court.  Accordingly, the undersigned recommends that plaintiff's Fourteenth Amendment due process claim be dismissed without prejudice and without leave to amend as there exists an adequate post-deprivation remedy through the state.  *See Grune*, 2024 WL 2818367, at *7 (quoting *Corsini*, 2023 WL 4420113, *8).

### 2. **Mandamus Relief**

8

The undersigned also concludes that the Court lacks jurisdiction to grant the mandamus relief plaintiff seeks: to order the "NYSED to process and release Plaintiff's Nurse Practitioner license."  Dkt. No. 9-1 at 3.  Although plaintiff does not define this request for relief as seeking a writ of mandamus, "[c]ourts have construed requests to compel a New York State agency to take particular action as requests for mandamus relief." *Stevenson v. New York State Dep't of Corr. & Cmty. Supervision*, No. 1:21-CV-355 (GWC), 2022 WL 179768, at *22 (W.D.N.Y. Jan. 20, 2022) (citing *Nappi v. N.Y. State Office of Mental Health*, No. 20-CV-5863 (LLS), 2020 WL 7321398, at *2 (S.D.N.Y. Dec. 10, 2020)); *Espindola v. United States Dep't of Homeland Sec.*, No. 1:20-CV-1596 (MAD/DJS), 2021 WL 3569840, at *3 (N.D.N.Y. Aug. 12, 2021) (first citing *Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 55 (S.D.N.Y. 2020), then citing *L.M. v. Johnson*, 150 F. Supp. 3d 202, 206 (E.D.N.Y. 2015)) ("Because it seeks a writ of mandamus to compel an administrative action, the Court interprets it as a request pursuant to the Mandamus Act.").

"The Mandamus Act provides that '[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Espindola*, 2021 WL 3569840, at *3 (quoting 28 U.S.C. § 1361).  However, "[t]he federal courts have no general power to compel action by state officials."  *Stevenson*, 2022 WL 179768, at *22 (quoting *Strauss v. Ky. Bd. of Med. Licensure*, No. 19-CV-6537L (DGL), 2020 WL 1493963, at *3 (W.D.N.Y. Mar. 26, 2020) (quoting *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988))).  "By its own terms, the Mandamus Act confers jurisdiction over only officers or employees of the United States; it does not confer jurisdiction over state or local officials."  *Marom v.*

*Town of Greenburgh*, No. 20-CV-3486 (PMH), 2021 WL 797648, at *4 (S.D.N.Y. Mar. 2, 2021) (citing *Davis*, 851 F.2d at 74).

Plaintiff is seeking the Court to compel a state agency to perform a specific act. Dkt. No. 6 at 8-13. Therefore, the Court lacks subject matter jurisdiction to grant mandamus relief to compel the NYSED to "process and release" plaintiff's nurse practitioner license. *See Stevenson*, 2022 WL 179768, at *22. Accordingly, the undersigned recommends that plaintiff's request for mandamus relief – that this Court compel the NYSED to issue her nurse practitioner license – be dismissed without prejudice and without leave to amend for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1361; *Marom*, 2021 WL 797648, at *4; *Gabris v. New York City Taxi & Limousine Comm'n*, No. 05 CIV. 8083 (HB), 2005 WL 2560384, at *3 (S.D.N.Y. Oct. 12, 2005) ("Defendants in the instant action, however, are not alleged to be officers, employees, or agencies of the United States. Therefore, this Court lacks the jurisdiction to compel any of defendants to issue plaintiff a "Vehicles For-Hire License" by *mandamus*.").

### D. Claims against Rosa for Monetary Relief

#### 1. Official Capacity

As the undersigned noted in the May 6, 2025, Report-Recommendation & Order, the Eleventh Amendment bars all claims against government employees in their official capacities for monetary damages. *See* Dkt. No. 6 at 9-10 (citing *Gerken v. Gordon*, No. 1:24-CV-435 (MAD/CFH), 2024 WL 4608307, at *6-7 (N.D.N.Y. Oct. 29, 2024), *report and recommendation adopted,* No. 1:24-CV-435 (MAD/CFH), 2024 WL 5001402 (N.D.N.Y. Dec. 6, 2024)). In the May 29, 2025, Order on Report & Recommendation, the Court dismissed plaintiff's § 1983 claims and additional claims against Rosa in her official

capacity for monetary damages without leave to amend. *See* Dkt. No. 8 at 4. In the amended complaint, plaintiff repeats her claims against Rosa in her official capacity seeking monetary damages. *See* Dkt. No. 9-1 at 1, 3. Accordingly, it is recommended that, insofar as plaintiff realleges a § 1983 claim against Rosa in her official capacity for monetary damages, such claim be dismissed without prejudice and without leave to amend pursuant to the May 6, 2025, Report-Recommendation & Order, and the Court's May 29, 2025, Order on Report & Recommendation. *See* Dkt. Nos. 6, 8.

## 2. **Individual Capacity**

The Court adopted the undersigned's recommendation to dismiss plaintiff's § 1983 claims against Rosa in her individual capacity for monetary damages with leave to amend because plaintiff's Fourteenth Amendment due process and equal protection claims failed to satisfy Rule 8 and plaintiff failed to demonstrate Rosa's personal involvement. *See* Dkt. No. 6 at 13-16, 26; Dkt. No. 8 at 4. In affording an opportunity to amend, the Court explained:

> If plaintiff chooses to take advantage of this opportunity . . . plaintiff must clearly describe the events that led to her claims, which should include information about the dates, times, places, and the state actors involved, along with an explanation of how each state actor committed each allegedly wrongful act. In short, plaintiff should endeavor to submit an amended complaint that contains a single, clear, chronologically ordered history of the events that allegedly occurred and that describes, with some supporting factual detail, how each named defendant was involved in the alleged violation of her rights.

Dkt. No. 8 at 4.

Although plaintiff's amended complaint adds that she filed her nurse practitioner license application on February 23, 2022, and she specifies the name of the medical practice that offered her a nurse practitioner position in June 2023, she fails to provide any

other facts concerning (1) her nurse practitioner license application process, (2) Rosa's personal involvement in the NYSED not issuing a decision on her license application, and (3) whether or how she was targeted based on her membership in a protected class or identify any similarly-situated comparators.[8]  *See generally* Dkt. No. 9-1; *Golston v. Cortese*, No. 1:21-CV-914 (GTS/CFH), 2022 WL 2657290, at *6, n.7 (N.D.N.Y. Apr. 1, 2022), *report and recommendation adopted,* No. 1:21-CV-914 (GTS/CFH), 2022 WL 2071773 (N.D.N.Y. June 9, 2022) (quoting *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009))) ("[T]here is no special rule for supervisory liability.  Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'"); *Davis v. Cnty. of Nassau*, 355 F. Supp. 2d 668, 677 (E.D.N.Y. 2005) (quoting *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996)) (stating that a "complaint must still allege particular *facts* indicating that an individual defendant was personally involved in the deprivation of the plaintiff's constitutional rights; mere 'bald assertions and conclusions of law' do not suffice.")); *Barzee*, 2022 WL 1406606, at *9 (quoting *Hu v. City of N.Y.*, 927 F.3d 81, 92 (2d Cir. 2019) (quoting *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005), *overruled on other grounds by Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008))); *Nicholas*, 2023 WL 6121164, at *6 (quoting *Hamptons Hosp. & Med. Ctr., Inc.*, 417 N.E.2d 533, 537 (N.Y. 1981) (citation omitted) and citing *Hoffmann v. New York State Indep. Redistricting Comm'n*, 192 N.Y.S.3d 763, 768-69 (App. Div. 2023).

---

[8] Because the undersigned recommends dismissing plaintiff's Fourteenth Amendment due process claim due to the availability of an adequate post-deprivation remedy, the undersigned is limiting the remaining analysis of plaintiff's Fourteenth Amendment claims against the individual defendants in their individual capacity to the alleged violation of her equal protection rights.

However, the undersigned recommends that plaintiff's claims against Rosa in her individual capacity for monetary damages be dismissed without prejudice and with leave to amend because, as will be discussed below, plaintiff seeks to add Hamilton as a defendant to this lawsuit, and plaintiff could potentially demonstrate Rosa's personal involvement by conspiring with Hamilton to retaliate against her in violation of her constitutional rights. *See Golston*, 2022 WL 2657290, at *6, n.7; *Davis*, 355 F. Supp. 2d at 677; FED. R. CIV. P. 8(a)(2).

### E. Claims against Hamilton for Monetary Relief

#### 1. Official Capacity

Hamilton is the NYSED Deputy Commissioner for the Office of Professions.[9] As discussed in the May 6, 2025, Report-Recommendation & Order and above regarding plaintiff's claims for monetary damages against Rosa in her official capacity, the Eleventh Amendment bars suit against government officials in their official capacities for monetary damages. *See Gerken* 2024 WL 4608307, at *6. Accordingly, it is recommended that plaintiff's claims for monetary damages against Hamilton in his official capacity as Deputy Commissioner for the Office of Professions be dismissed without prejudice and without leave to amend. *See id*.

#### 2. Individual Capacity

Plaintiff's claim against Hamilton in his individual capacity must also fail because she does not establish his personal involvement in any constitutional violation. Plaintiff names "David Hamilton . . . as Assistant Commissioner of the of the Office of

---

[9] NEW YORK STATE EDUCATION DEPARTMENT, "Organizational Chart," https://www.nysed.gov/about/orgchart/text-only (last visited on Oct. 28, 2025).

Professions"[10] as a defendant; however, the amended complaint does not raise any claims against Hamilton or include any facts about Hamilton's personal involvement in any alleged constitutional violation. *See generally* Dkt. No. 9-1. Hamilton is also not referenced in any of the exhibits attached to plaintiff's amended complaint. *See* Dkt. No. 9-1 at 4-8. Plaintiff's amended complaint fails to demonstrate Hamilton's personal involvement in the alleged Fourteenth Amendment Equal Protection violation stemming from the alleged failure to "timely process and release [plaintiff's nurse practitioner] license, without notice or hearing." *Id*. at 2; *see also Davis*, 355 F. Supp. 2d at 677. The amended complaint also fails to establish that Hamilton was personally involved in conspiring or retaliating against plaintiff for bringing this lawsuit.[11]

Moreover, Hamilton's role as Deputy Commissioner of the Office of Professions is insufficient to establish personal involvement. "[I]n order to recover damages in a civil rights action, [the] plaintiff must allege a defendant's direct or personal involvement in the alleged constitutional deprivations, and supervisory officials may not be held liable merely because they held a position of authority." *Golston*, 2022 WL 2657290, at *6, n.7 (quoting *Montes v. O'Shea*, No. 1:21-CV-303 (DNH/ATB), 2021 WL 1759853, at *5 (N.D.N.Y. Apr. 6, 2021), *report and recommendation adopted,* No. 1:21-CV-303, 2021 WL 1758858 (N.D.N.Y. May 4, 2021) (first citing *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994); then citing *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996))); *see supra* at 11-12.

As with Rosa, Hamilton's role as a "Deputy Commissioner of the Office of Professions," without more, is not enough to state a claim against him under § 1983 for

---

[10] Although plaintiff refers to Hamilton as "Assistant Commissioner," his official title is "Deputy Commissioner" of the Office of Professions. *See* Dkt. No. 9-1 at 1.

[11] Plaintiff's First Amendment retaliation and § 1983 conspiracy claims will be analyzed in further detail below.

violating her Fourteenth Amendment equal protection rights.  *See Tangreti*, 983 F.3d at 618; *Peck v. Cnty. of Onondaga, New York*, No. 5:21-CV-651 (DNH), 2021 WL 3710546, at *9 (N.D.N.Y. Aug. 20, 2021) (quoting *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) ("A defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority.")).  However, because it is possible that plaintiff may be able to amend to demonstrate Hamilton's personal involvement in the withholding of her nurse practitioner's license, in light of special solicitude, the undersigned recommends that plaintiff's claims against Hamilton in his individual capacity for monetary damages arising out of his alleged (1) violations of her Fourteenth Amendment equal protection rights; (2) retaliation in violation of the First Amendment; and (3) participation in a § 1983 conspiracy to retaliate against her for seeking legal redress, be dismissed without prejudice and with leave to amend. Conversely, to the extent that plaintiff seeks to assert a Fourteenth Amendment procedural due process claim against Hamilton, it is recommended that plaintiff's claim be dismissed without prejudice and without leave to amend for the same reasons that the undersigned recommended dismissing such claims against Rosa.  *See supra* at 5-8; *see Newman*, 2021 WL 4254978, at *4; *Grune*, 2024 WL 2818367, at *8 (quoting *Barzee*, 2022 WL 1406606, at *8 (quoting *Hellenic*, 101 F.3d at 881)).

### F.  Government Entities

Plaintiff appears to add a § 1983 conspiracy claim alleging that Rosa and Hamilton "orchestrated" and "coordinat[ed]" with the NYSED to have her job offer with the CHS rescinded due to this "pending litigation and refusal to withdraw claims" and that the CHS' recission constituted a retaliatory act in violation of the First Amendment.  *See* Dkt. No. 9-

1 at 2.  Although plaintiff does not explicitly state as such, based on her conspiracy allegation, liberally read and applying special solicitude, it appears that plaintiff seeks to add the NYSED and CHS as defendants in this action.

### 1.  New York State Education Department

As discussed in the May 6, 2025, Report-Recommendation & Order, the Eleventh Amendment doctrine of sovereign immunity extends to "state governments and their agencies . . . unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress."  Dkt. No. 6 at 9-10 (quoting *Gerken*, 2024 WL 4608307, at *6 (quoting *Kisembo v. N.Y.S. Off. of Child. & Fam. Servs.*, 285 F. Supp. 3d 509, 519 (N.D.N.Y. 2018))).  The NYSED is a state agency.[12]  *See Bleichert v. New York State Educ. Dep't, Off. of Hum. Res.*, No. 1:18-CV-611 (GTS/CFH), 2019 WL 1060800, at *5 (N.D.N.Y. Mar. 6, 2019), *aff'd sub nom. Bleichert v. New York State Educ. Dep't*, 793 F. App'x 32 (2d Cir. 2019) (summary order) (citing N.Y. Educ. Law § 101) ("It is well established that the New York State Education Department is an agency of the State of New York, and thus an arm of the state for purposes of sovereign immunity."); *see also Mamot v. Bd. of Regents*, 367 F. App'x 191, 192-93 (summary order) (2d Cir. 2010) (same). New York State has not "waived [its] Eleventh Amendment immunity" and "there has [not] been a valid abrogation of that immunity by Congress."  *Gerken*, 2024 WL 4608307, at *6. Therefore, plaintiff's claims against the NYSED are barred by the Eleventh Amendment. *See id.*  Accordingly, the undersigned recommends that all claims against the NYSED be dismissed without prejudice and without leave to amend.  *See id.* at 7.

### 2.  New York City Health and Hospitals, Correctional Health Services

---

[12] NEW YORK STATE EDUCATION DEPARTMENT, https://www.nysed.gov/ (last visited on Oct. 28, 2025).

CHS is a division of New York City Health and Hospitals ("NYCHH").[13]  As an operating division of NYCHH, CHS is not a separate corporate entity, and, therefore, not subject suit.  *See Toussaint v. Metro. Hosp.*, No. 22-CV-2689 (ALC), 2022 WL 1227740, at *1 (S.D.N.Y. Apr. 26, 2022) (citing New York City Charter § 396 and *Ochei v. Coler/Goldwater Mem'l Hosp.*, 450 F. Supp. 2d 275, 287-88 (S.D.N.Y. 2006)) ("Metropolitan Hospital is an operating division of NYC Health + Hospitals, and is not a separate corporate entity subject to suit under New York State Law and New York City Charter."); *Syed v. NYCHHC Kings Cnty. Hosp.*, No. 24-CV-1624 (NRM/JRC), 2025 WL 895384, at *3 (E.D.N.Y. Mar. 24, 2025) (citing *Toussaint*, 2022 WL 1227740, at *1-2)) ("NYC Health + Hospitals / Kings County is not a separate corporate entity from H+H and therefore is not subject to suit.").  Therefore, the undersigned concludes CHS is not subject to liability and is not a proper defendant in this action.  *See Syed* 2025 WL 895384, at *3.

Nevertheless, out of special solicitude, the undersigned will interpret plaintiff's amended complaint as seeking to add NYCHH as a defendant instead of CHS.  *See* Dkt. No. 9-1 at 2-3.  NYCHH "is a public benefit corporation created by New York State law; it has the capacity to sue and be sued."  *Toussaint*, 2022 WL 1227740, at *1 (citing N.Y. Unconsol. Laws §§ 7382, 7385(a)).  As a public benefit corporation, NYCHH "is a municipal corporation the liability of which under Section 1983 'is governed by principles set forth in *Monell*.'"  *Boyd v. LaGuardia Airport*, No. 21-CV-5000 (KAM)(LB), 2022 WL 4357466, at *3 (E.D.N.Y. Sept. 20, 2022) (quoting *McTerrell v. N.Y.C. Health & Hosps. Corp.*, No. 19-CV-4469 (PAE), 2019 WL 8989862, at *4 (S.D.N.Y. Nov, 26, 2019), *R. & R. adopted*, 2020 WL 1503194 (Mar. 30, 2020); *see also McGrath v. Nassau Health Care Corp.*, 217 F. Supp.

---

[13] NEW YORK CITY HEALTH AND HOSPITALS, CORRECTIONAL HEALTH SERVICES, https://www.nychealthandhospitals.org/correctionalhealthservices/ (last visited on Oct. 28, 2025).

2d 319, 330 (E.D.N.Y. 2002) ("Public benefit corporations are governmental entities for § 1983's purposes.").  "When a plaintiff sues a municipality . . . or other local government entity, such as NYC Health + Hospitals, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's or other local government entity's employees or agents engaged in some wrongdoing."  *El Dey v. Bd. of Correction*, No. 1:22-CV-2600 (LTS), 2022 WL 2237471, at *6 (S.D.N.Y. June 22, 2022).  "The plaintiff must show that the municipality or other local government entity itself caused the violation of the plaintiff's rights."  *Id.* (citing *Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)).  "[T]o state a claim under Section 1983 against a municipality or other local government entity, the plaintiff must allege facts showing: (1) the existence of a municipal or local government entity policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights."  *Id.* (citing *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012)); *see also Monell,* 436 U.S. at 694.  "This standard has been applied to claims under Section 1983 brought against NYC Health + Hospitals."  *Id.* (citing *Rookard v. Health & Hosp. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983)).

Here, "[p]laintiff alleges no facts showing that a policy, custom, or practice of . . . NYC Health + Hospitals has caused a violation of his federal constitutional rights."  *El Dey*, 2022 WL 2237471, at *6.  Thus, plaintiff has plead no viable claim against NYCHH under § 1983.  However, as will be discussed below, because the undersigned is recommending that plaintiff's underlying First Amendment retaliation and § 1983 conspiracy claims against

Rosa and Hamilton be dismissed without prejudice with leave to amend, the undersigned also recommends that any First Amendment retaliation and § 1983 conspiracy claims construed to have been raised against NYCHH be dismissed without prejudice and with leave to amend.

### G. **First Amendment Retaliation**

Liberally read, plaintiff alleges that Rosa and Hamilton conspired with NYCHH to rescind her job offer in retaliation for her exercise of her First Amendment right to petition the government for redress of grievances, i.e. the commencement of this lawsuit.  *See* Dkt. No. 9-1 at 2; *Oliver v. Penny*, No. 1:19-CV-233 (BKS/DJS), 2020 WL 7316125, at *10 (N.D.N.Y. Dec. 11, 2020), *aff'd,* No. 21-111, 2022 WL 2165814 (2d Cir. June 16, 2022) (quoting *Monsky v. Moraghan*, 127 F.3d 243, 246 (2d Cir. 1997)) ("It is well established that all persons enjoy a constitutional right of access to the courts, although the source of this right has been variously located in the First Amendment right to petition for redress, the Privileges and Immunities Clause of Article IV, section 2, and the Due Process Clauses of the Fifth and Fourteenth Amendments.").

### 1. **Legal Standard**

"First Amendment retaliation claims typically arise in three distinct contexts: prisoners, public employees, and criticism of public officials by private citizens."  *Decker Advert. Inc. v. Delaware Cnty., New York*, 765 F. Supp. 3d 128, 141 (N.D.N.Y. 2025) (quoting *Doe v. City of New York*, 18-CV-670 (ARR/JO), 2018 WL 3824133, at *11 (E.D.N.Y. Aug. 9, 2018).  "The Second Circuit has 'described the elements of a First Amendment retaliation claim in several ways, depending on the factual context.'"  *Id*. (quoting *Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008)).  As it is unclear

whether plaintiff is to be considered an applicant for government employment or a private citizen for the purposes of this claim, the undersigned will first discuss the elements required to establish First Amendment retaliation in each instance.

### a. **Public Employee**

"To state a First Amendment retaliation claim, a plaintiff must plausibly allege that: '(1) [her] speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against [her]; and (3) there was a causal connection between [the] adverse action and the protected speech.'" *Long v. Byrne*, 146 F.4th 282, 291 (2d Cir. 2025) (*Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 272 (2d Cir. 2011)). "To demonstrate that her speech or conduct is protected by the First Amendment, a public employee must first establish that she was 'speaking as [a] citizen[] about matters of public concern.'" *Id.* (*Garcetti v. Ceballos*, 547 U.S. 410, 419 (2006)). "That inquiry 'in turn encompasses two separate subquestions: (1) whether the subject of the employee's speech was a matter of public concern and (2) whether the employee spoke as a citizen rather than solely as an employee.'" *Id.* (quoting *Matthews v. City of New York*, 779 F.3d 167, 172 (2d Cir. 2015)). "If the answer to either question is no, that is the end of the matter." *Matthews*, 779 F.3d at 172.

First Amendment protections have also been extended to applicants for public employment.[14] *See Blitzer v. Potter*, No. 03 CIV. 6124 (DLC), 2005 WL 1107064, at *14 (S.D.N.Y. May 6, 2005) (citing *MacFarlane v. Grasso*, 696 F.2d 217, 223 (2d Cir. 1982)); *MacFarlane*, 696 F.2d at 223 (citing *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,*

---

[14] "NYC Health + Hospitals is the nation's largest municipal health care delivery system in the United States." NEW YORK CITY HEALTH AND HOSPITALS, "About NYC Health + Hospitals," https://www.nychealthandhospitals.org/about-nyc-health-hospitals/ (last visited on Oct. 28, 2025).

429 U.S. 274, 287 (1977)) ("[I]f an applicant demonstrates that his protected speech played a substantial role in the employer's decision to reject his application, he is entitled to relief unless the employer demonstrates by a preponderance of the evidence that the application would have been rejected even in the absence of the speech.").

### b. **Private Citizen**

"A private citizen, on the other hand, must show: '(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right.'" *Everitt v. DeMarco*, 704 F. Supp. 2d 122, 129-30 (D. Conn. 2010) (quoting *Curley v. Village of Suffern,* 268 F.3d 65, 73 (2d Cir. 2001)). "Unlike a public employee, the speech of a private citizen 'need not have been on a matter of public concern for it to fall within the protection of the First Amendment[.]'"[15] *Id*. at 130 (quoting *Williams,* 535 F.3d at 77).

"The plaintiff must allege that his First Amendment rights were 'actually chilled.'" *Traylor v. Parker*, No. 3:13-CV-1828 (AWT), 2015 WL 1268304, at *7 (D. Conn. Mar. 19, 2015) (quoting *Davis v. Vill. Park II Realty Co.,* 578 F.2d 461, 464 (2d Cir.1978)). "Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Id*. (quoting *Laird v. Tatum,* 408 U.S. 1, 13-14 (1972)). "Where chilling is not alleged, other forms of tangible harm will satisfy the injury requirement, since standing is no issue whenever the plaintiff has clearly

---

[15] "The *Curley* 'private citizen' test does not apply in the context of a public employee who has suffered an adverse employment action as a result of exercising his First Amendment rights." *Heusser v. Hale*, 777 F. Supp. 2d 366, 376 (D. Conn. 2011) (quoting *Morrison v. Johnson,* 429 F.3d 48, 51 (2d Cir.2005)).

alleged a concrete harm independent of First Amendment chilling." *Id*. (quoting *Zherka v. Amicone,* 634 F.3d 642, 646 (2d Cir. 2011).

### c. **Need for Amendment**

As discussed above, the undersigned recommends that plaintiff's complaint be dismissed for failing to comply with Federal Rule of Civil Procedure 8 and for failing to demonstrate Rosa or Hamilton's personal involvement in the alleged retaliation against her. *See supra* at 4-5, 11-15. Without sufficient factual support, at this early stage, the undersigned declines to categorize plaintiff's First Amendment claims as falling under private citizen or applicant for public employment. Regardless of the categorization, the undersigned recommends that plaintiff's First Amendment retaliation claim be dismissed without prejudice and with leave to amend because plaintiff cannot establish a retaliation claim against Rosa or Hamilton without first demonstrating their personal involvement. *See Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983")

### H. **§ 1983 Conspiracy**

Plaintiff alleges that Rosa and Hamilton conspired with NYCHH to rescind a job offer with CHS in retaliation for her commencing and continuing this lawsuit. *See* Dkt. No. 9-1 at 1-3. "The elements of a claim for conspiracy pursuant to § 1983 are '(1) an agreement . . .; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.'" *Hester v. Albany Cnty. Dist. Att'y*, No. 1:20-CV-1153 (LEK/CFH), 2021 WL 1968201, at *8 (N.D.N.Y. Apr. 22, 2021), *report and recommendation adopted sub nom. Hester v. Regan,* No. 1:20-CV-1153 (LEK/CFH), 2021

WL 1966743 (N.D.N.Y. May 17, 2021) (quoting *Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002) (additional citation omitted)). "An agreement must be proven with specificity as bare allegations of a conspiracy supported only by allegations of conduct easily explained as individual action is insufficient." *Id*. (quoting *McRae v. Fischer*, No. 9:17-CV-146 (BKS/CFH), 2018 WL 3432743, at *6 (N.D.N.Y. June 6, 2018), *report and recommendation adopted*, No. 9:17-CV-146 (BKS/CFH), 2018 WL 3432700 (N.D.N.Y. July 16, 2018)). "Although exact specifics are not required, 'the pleadings must present facts tending to show agreement and concerted action.'" *Id*. (quoting *Anilao v. Spota*, 774 F. Supp. 2d 457, 512-13 (E.D.N.Y. 2011)). "To sustain a conspiracy claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that a defendant 'acted in a willful manner, culminating in an agreement, understanding or meeting of the minds, that violated the plaintiff's rights . . . secured by the Constitution or the federal courts.'" *Id*. (quoting *Malsh v. Austin*, 901 F. Supp. 757, 763 (S.D.N.Y. 1995)). "Conclusory, vague, and general allegations are insufficient to support a conspiracy claim." *Id*. (citing *Ciambriello*, 292 F.3d at 325).

Here, plaintiff's conspiracy claim amounts to a "conclusory, vague, and general allegation." *Hester*, 2021 WL 1968201, at *8. Plaintiff conclusorily alleges concerted action between Rosa, Hamilton, and the NYSED, however, plaintiff fails to demonstrate or specify how these parties acted together. *See id*. Further, because, as noted the NYSED is entitled to sovereign immunity, plaintiff cannot proceed against it on conspiracy grounds. *See supra* at 15-16. Plaintiff has not alleged any facts indicating (1) the existence of an agreement; (2) concerted action amongst Rosa, Hamilton, and the NYCHH; and (3) an overt act in furtherance of that agreement that caused harm. *See Hester*, 2021 WL 1968201, at *8. Plaintiff's amended complaint implies the existence of an agreement but

fails to provide any details concerning the agreement, including the manner in which the agreement was reached or any respective obligations of the members of the alleged agreement. *See* Dkt. No. 9-1 at 1-3; *see also Hester*, 2021 WL 1968201, at *8.

Further, to the extent that the NYCHH' decision to rescind her job offer could be considered an overt act, plaintiff has not connected this overt act to any alleged agreement or shown that Rosa or Hamilton were personally involved in the overt act. *See Hester*, 2021 WL 1968201, at *8-9; *Tangreti*, 983 F.3d at 618; *Avent v. Reardon*, No. 1:19-CV-1565 (GTS/CFH), 2020 WL 7705938, at *6 (N.D.N.Y. Dec. 28, 2020) ("[T]he Amended Complaint suffers from the same defect as the Original Complaint in that plaintiff advances only conclusory allegations with respect to Cornell's involvement in the alleged conspiracy and, therefore, has failed to establish Cornell's personal involvement – which is fatal to his Section 1983 conspiracy claim.") (citing *Wright*, 21 F.3d at 501 ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.")). As stated above, the NYCHH is an entity that is separate and distinct from the individual defendants.

However, because it is possible that plaintiff may be able to amend to cure these defects, as well as those identified in the underlying First Amendment retaliation claim, out of special solicitude, the undersigned recommends that plaintiff's § 1983 conspiracy claim be dismissed without prejudice and with leave to amend. *See Hester*, 2021 WL 1968201, at *8; *Tangreti*, 983 F.3d at 618.

### IV.  **Leave to Amend**

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication

that a valid claim might be stated." *Gerken*, 2024 WL 4608307, at *15 (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation and internal quotation marks omitted)). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" *Id.* (citing *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

For the reasons detailed herein, it is recommended that insofar as plaintiff seeks to (1) obtain mandamus relief, (2) proceed against Rosa and Hamilton in their official capacities for monetary damages, and (3) proceed against NYSED and CHS, such claims be dismissed in their entirety without prejudice and without opportunity to amend. It is further recommended that plaintiff's (1) Fourteenth Amendment Equal Protection claims against Rosa and Hamilton in their individual capacities, (2) First Amendment retaliation claims for monetary damages against Rosa and Hamilton in their individual capacities and as against NYCHH, and (3) § 1983 conspiracy claim against Rosa, Hamilton, and NYCHH, be dismissed in their entirety without prejudice and with opportunity to amend.[16]

## V. **Conclusion**

**WHEREFORE**, for the reasons set forth herein, it is hereby

**RECOMMENDED**, that insofar as plaintiff seeks to proceed against Rosa in her official capacity for monetary damages (Dkt. No. 9-1), such claim be **DISMISSED without prejudice and without leave to amend**; it is further

---

[16] In the event the District Judge adopts the undersigned's Report-Recommendation & Order and plaintiff is permitted to file a second amended complaint, plaintiff is advised that any amended pleading cannot incorporate a prior pleading by reference and may not attempt to replead claims that have already been dismissed by this Court with prejudice. Any amended pleading supersedes and replaces a prior pleading in its entirety. An amended pleading must establish this Court's jurisdiction and state a claim for relief against each named defendant for whom leave to replead was granted according to Rules 8 and 10 of the Federal Rules of Civil Procedure.

**RECOMMENDED**, that insofar as plaintiff seeks to proceed against Hamilton in his official capacity for monetary damages (Dkt. No. 9-1), such claim be **DISMISSED without prejudice and without leave to amend**; it is further

**RECOMMENDED**, that insofar as plaintiff seeks to proceed against the New York State Education Department (Dkt. No. 9-1), such claim be **DISMISSED without prejudice and without leave to amend**; it is further

**RECOMMENDED**, that insofar as plaintiff seeks to proceed against the Correctional Health Services (Dkt. No. 9-1), such claim be **DISMISSED without prejudice and without leave to amend**; it is further

**RECOMMENDED**, that insofar as plaintiff may seek to proceed against the New York City Health and Hospitals alleging First Amendment retaliation and § 1983 conspiracy (Dkt. No. 9-1), such claims be **DISMISSED in their entirety without prejudice and with leave to amend**; it is further

**RECOMMENDED**, that insofar as plaintiff seeks mandamus relief (Dkt. No. 9-1), such claim be **DISMISSED without prejudice and without leave to amend**; it is further

**RECOMMENDED**, that insofar as plaintiff seeks to proceed against Rosa and Hamilton in their individual capacities for monetary damages alleging Fourteenth Amendment Due Process violations (Dkt. No. 9-1), such claims be **DISMISSED in their entirety without prejudice and without leave to amend**; it is further

**RECOMMENDED**, that plaintiff's amended complaint (Dkt. No. 9-1) otherwise be **DISMISSED in its entirety without prejudice and with leave to amend**; it is further

**RECOMMENDED**, that if the District Judge adopts this Report and Recommendation Order, plaintiff be given thirty (30) days from the District Judge's

Decision and Order adopting this Report-Recommendation & Order to file a second amended complaint, and if plaintiff does not timely file a second amended complaint pursuant to the District Judge's Decision and Order, the Clerk may close this case without the requirement of further order of the Court; and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[17]

Dated:  October 29, 2025
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

---

[17] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *Id.* § 6(a)(1)(c).