UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TAUHEEDAH WALKER,

                Plaintiff,

              -v-                                      1:24-CV-1171 (AJB/PJE)

BETTY A. ROSA,

                Defendant.
_____

**APPEARANCES:**                                  **OF COUNSEL:**

TAUHEEDAH WALKER
Plaintiff, Pro Se
428 East 137th Street, Apt. 1D
Bronx, NY 10454

**Hon. Anthony Brindisi, U.S. District Judge:**

**ORDER ON REPORT & RECOMMENDATION**

On September 25, 2024, *pro se* plaintiff Tauheedah Walker ("plaintiff") filed this action alleging that defendant New York State Education Department Commissioner Betty A. Rosa has wrongfully withheld or refused to process her application for a nurse practitioner's license. Dkt. No. 1. Along with her complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2. The matter was initially assigned to Senior U.S. District Judge Glenn T. Suddaby, who referred the pleading to the magistrate judge for an initial review. The case has since been reassigned to this Court for all further proceedings. Dkt. No. 5.

On May 6, 2025, U.S. Magistrate Judge Paul J. Evangelista granted the IFP Application and, after an initial review of the pleading, advised by Report & Recommendation ("R&R") that plaintiff's complaint should be dismissed with partial leave to amend. Dkt. No. 6. There, Judge

Evangelista explained that plaintiff might be able to allege a more detailed set of facts that would substantiate how defendant Rosa was "personally involved" in the alleged conduct, which was a necessary element of any civil rights claim under 42 U.S.C. § 1983. *See id*. This Court adopted the R&R over plaintiff's objections on May 29, 2025. Dkt. No. 8. Thereafter, plaintiff moved to amend her pleading, Dkt. No. 9, and filed a proposed amended complaint, Dkt. No. 9-1.

On October 29, 2025, after conducting an initial review of plaintiff's proposed amended complaint, Judge Evangelista advised by R&R that plaintiff's motion amend be granted in part and denied in part. Dkt. No. 13. Judge Evangelista recommended that plaintiff's: (1) § 1983 official-capacity money damages claims against defendants Rosa and Hamilton be dismissed without leave to amend; (2) § 1983 individual-capacity Fourteenth Amendment Due Process claims against defendants Rosa and Hamilton be dismissed without leave to amend; (3) § 1983 claims against defendants the New York State Education Department and Correctional Health Services be dismissed without leave to amend; and (4) § 1983 claims for mandamus relief be dismissed without leave to amend.

However, Judge Evangelista recommended that plaintiff's: (1) § 1983 individual-capacity Fourteenth Amendment Equal Protection claims against defendants Rosa and Hamilton be dismissed with leave to amend; (2) § 1983 individual-capacity First Amendment retaliation claim against defendants Rosa and Hamilton be dismissed with leave to amend; (3) § 1983 First Amendment retaliation claim against defendant New York City Health and Hospitals be dismissed with leave to amend; (4) individual-capacity § 1983 conspiracy claim against defendants Rosa and Hamilton be dismissed with leave to amend; and (5) § 1983 conspiracy claim against defendant New York City Health and Hospitals be dismissed with leave to amend.

Neither party has lodged objections. The time period in which to do so has expired. *See* Dkt. No. 66. Upon review for clear error, the R&R will be accepted and adopted. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 13) is ACCEPTED;

2. Plaintiff's motion to amend her complaint (Dkt. No. 9) is GRANTED in part and DENIED in part:

3. The following claims are dismissed <u>without leave to amend</u>:

- § 1983 official-capacity money damages claims against defendants Rosa and Hamilton;

- § 1983 individual-capacity Fourteenth Amendment Due Process claims against defendants Rosa and Hamilton;

- § 1983 claims against defendants New York State Education Department and Correctional Health Services; and

- § 1983 claims for mandamus relief.

4. The following claims are dismissed <u>with leave to amend</u>:

- § 1983 individual-capacity Fourteenth Amendment Equal Protection claims against defendants Rosa and Hamilton;

- § 1983 individual-capacity First Amendment retaliation claim against defendants Rosa and Hamilton;

- § 1983 First Amendment retaliation claim against defendant New York City Health and Hospitals;

- 4 -

- individual-capacity § 1983 conspiracy claim against defendants Rosa and Hamilton; and

- § 1983 conspiracy claim against defendant New York City Health and Hospitals.

and

5. Plaintiff's proposed amended complaint is otherwise DISMISSED without prejudice and with leave to amend.

The Clerk of the Court is directed to terminate the pending motions and set a deadline for amendment.

**IT IS SO ORDERED.**

Dated: November 25, 2025
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge